UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| TAMMIE R. JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 5:06-CV-017-C |
| | § | ECF |
| JO ANNE B. BARNHART, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

Plaintiff Tammie R. Johnson seeks judicial review of a decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits (DIB). The United States District Judge, pursuant to 28 U.S.C. § 636(b), referred this case to the United States Magistrate Judge for report and recommendation, proposed findings of fact and conclusions of law, and a proposed judgment. After reviewing the administrative record and the arguments of both parties, this court recommends that the District Court reverse and remand the Commissioner's decision.

## I.     Statement of the Case

The Administrative Law Judge (ALJ) concluded that Johnson was not disabled at the fifth step of the sequential disability analysis used in Social Security determinations.[1]

---

[1] At the fifth step of the sequential disability analysis, the ALJ must determine whether, considering the claimant's age, education, past work experience, and residual abilities, he can perform work that exists in substantial numbers in the national economy. *Boyd v. Apfel*, 239 F.3d 698, 705 (5th Cir. 2001) (citing 20 C.F.R. § 404.1520(f)).

The ALJ's conclusion was based on his determination that Johnson retained the residual functional capacity to perform work at the light exertional level and on his further determination that Rule 202.18 of the Medical-Vocational Guidelines directed that Johnson could perform a substantial number of such jobs existing in the national economy.  (Tr. 22-23.)

Johnson brings two points of error.  In her first point of error she contends the ALJ erred at the third step of the sequential disability analysis and argues that the medical evidence shows that she met the criteria of Listing 12.05(C), the listing for mental retardation.  In her second point of error Johnson argues that the ALJ erred in determining that she had no significant non-exertional limitations.

## II.   Discussion

In reviewing a denial of Social Security benefits the court must consider whether the decision is supported by substantial evidence in the record as a whole and whether proper legal standards were applied to reach the decision.  *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) (citing *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)).  Under this standard the court must consider the record as a whole and "take into account whatever in the record fairly detracts" from the Commissioner's decision.  *Singletary v. Bowen*, 798 F.2d 818, 822-23 (5th Cir. 1986) (citations and quotations omitted).

Johnson's first point of error does not require remand.  A claimant will not be presumed disabled under a Listing in the Commissioner's regulations unless the medical evidence shows that his impairments and symptoms meet each of the specified criteria of the

listing at issue.  *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990) (citing *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990)).  The evidence does not support Johnson's claim that her impairments met each of the criteria of Listing 12.05, the listing for mental retardation. (Tr. 205, 249, 550, 570, 631.)

On the other hand, Johnson's second point of error requires remand; the ALJ's determination that Johnson did not have non-exertional impairments is not supported by substantial evidence.  Two physicians selected by the Commissioner to review and assess Johnson's impairments indicated that she was affected by non-exertional impairments. Medical expert Ann Turbeville, M.D., testified that Johnson should be restricted to jobs that involve the lower end of detailed or "fairly simple instructions" and that require only occasional positional changes.  (Tr. 639.)  Dr. Turbeville also testified that Johnson had "fairly severe" hypertension that had been "somewhat difficult to control."  (Tr. 638.) Because Johnson's hypertension was labile, Dr. Turbeville believed she should be restricted from jobs that involve working at heights or with scaffolding or in which balance is an issue. (Tr. 639.)  Consulting and examining physician James Woessner, M.D., reported that Johnson suffered from joint dysfunction that would interfere with her "ability to sit for very long, stand for very long, and move about, lift, and carry things" and that there could be limitations in her ability to perform repetitive reaching, handling, fingering and feeling. (Tr. 250.)

The opinions from Drs. Turbeville and Woessner regarding Johnson's non-exertional impairments are uncontroverted, and although required to do so, the ALJ did not evaluate the

opinions.  *See* 20 C.F.R. §§ 404.1527(d),(f); 404.1545(a)(3).  The ALJ's failure to address the opinions was error.  In determining a claimant's residual functional capacity, the ALJ must determine the claimant's ability to meet both the exertional and non-exertional requirements of work and must consider the limiting effects of all the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 404.1545(a)(4), (e); SSR 96-8p, 1996 WL 374184 at *5; s*ee Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001).  In this case, the ALJ's residual functional capacity determination does not address all of the non-exertional limitations Drs. Turbeville and Woessner discussed in their opinions and this omission deprives his residual functional capacity determination of substantial evidence and detracts from his final conclusion that Johnson was not disabled.  *Singletary*, 798 F.2d at 822-23 (The court must "take into account whatever in the record fairly detracts" from the Commissioner's decision.)  Remand is therefore required.

## III.   Recommendation

Based on the foregoing discussion of the issues, evidence and the law, this court recommends that the United States District Court reverse the Commissioner's decision and remand Johnson's case for further administrative proceedings.

## IV.   Right to Object

Pursuant to 28 U.S.C. § 636(b)(1), any party has the right to serve and file written objections to the Report and Recommendation within 10 days after being served with a copy of this document. The filing of objections is necessary to obtain de novo review by the United States District Court.  A party's failure to file written objections within ten days shall

4

bar such a party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

Dated:   September 7, 2006.

NANCY M. KOENIG
United States Magistrate Judge